|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>) <br>Plaintiff-Appellee, )<br>)<br>v. )<br>)<br>KEVIN LEE DAVIS, )<br>)<br>)<br>Defendant-Appellant.)<br>_____) | *E-FILED - 8/1/12*<br><br>No.  C-05-03756-DLJ<br>    CR-98-40082-DLJ<br>(Appeal No. 12-16575)<br>**ORDER** |

Kevin Davis (Davis) was the leader of a large-scale cocaine trafficking organization that operated in Oakland in 1997 and 1998. In January 2001 Kevin Davis and one of his co-defendants, Lionel McCoy went to trial. During the trial, Sandy Medina, a former co-defendant who had already plead guilty, was called as a witness. She asserted her Fifth Amendment privilege and refused to testify. Given her unavailability as a witness, her statement was redacted to eliminate her observations of the criminal conduct of others, and the remaining portion, in which she confessed to her own criminal conduct, was read to the jury.

The jury found Davis guilty of 79 of the counts charged against him. Davis appealed his convictions. In his appeal, among other issues, Davis alleged that the admission of Medina's statement was in error. The Ninth Circuit found no prejudicial error and in January 2004 the Ninth Circuit affirmed the convictions in United States v. McCoy, 90 Fed. Appx 201 (9th Cir. 2004).

Davis next filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Davis again challenged the admission of Medina's statements as a

Confrontation Clause violation. This Court denied Davis's motion and Davis appealed.

The Supreme Court's decision in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) was issued after Davis's trial and the <u>McCoy</u> decision had been filed, but before his conviction had become final. The Ninth Circuit's latest ruling dated January 14, 2011 held that <u>Crawford</u> applied to Davis' case. Because the United States conceded on appeal that the admission of Medina's statement violated Davis' Confrontation Clause rights under <u>Crawford</u>, the Ninth Circuit remanded the matter to this Court to determine if the error was prejudicial. <u>United States v. Davis</u>, 408 Fed. Appx. 124 (9th Cir. 2011).

On May 21, 2012 this court issued an order finding that there was no prejudicial error in the admission of Medina's statement. On or about July 8, 2012 defendant filed an appeal of that order with the Ninth Circuit. On July 18, 2012 that Ninth Circuit issued an order staying the briefing in the appeal pending this Court issuing a Certificate of Appealability.

Defendant has raised a constitutional issue as to whether admission of the Medina statement was prejudicial error and is thus appealable and a certificate of appealability should issue. <u>See</u> United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

IT IS SO ORDERED.

Dated: July 31, 2012   _____

D. Lowell Jensen
United States District Judge

Copy of Order E-Filed to Counsel of Record: